UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JEFF HUANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:18-CV-11-REW |
| v. | ) | |
| | ) | OPINION & ORDER |
| UNIVERSITY OF PIKEVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On October 11, 2018, the Court dismissed all of Plaintiff Jeff Huang's claims against the Presbyterian Church. DE 28 (Opinion & Order). The Court also dismissed eleven of Huang's thirteen claims against his former school, the University of Pikeville, and various past and present University personnel. *Id.* Plaintiff believes the Court got it wrong. *See* DE 37 (Motion to Alter, Amend, or Vacate). Huang asks the Court to reconsider the dismissals because they are supported "with little or no binding precedential authority[.]" *Id.* at 4. Defendants responded. DE 38 & 39. Huang replied. DE 40. The motion stands ripe for review. For the following reasons, the Court sees no basis to disturb its prior ruling and denies Huang's motion.

Ironically, in a motion deriding the Court's choices for supporting authority, Huang relies on a procedural rule, Fed. R. Civ. P. 59(e), that does not sanction the relief sought. *See* DE 37 at 1. Rule 59(e) provides only that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R.

1

Civ. P. 59(e).[1] Of course, the Court did not enter a judgment, which is an order from which an appeal lies. *See* Fed. R. Civ. P. 54(a). When, as here, "an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to . . . fewer than all[ ] claims or parties only if the court expressly determines that there is no just reason for delay." *See* Fed. R. Civ. P. 54(b); *see also Brown Shoe Co. v. United States*, 82 S. Ct. 1502, 1513 (1962) ("The requirement that a final judgment shall have been entered in a case by a lower court before a right of appeal attaches has an ancient history in federal practice, first appearing in the Judiciary Act of 1789."). The Court has made no such determination. Moreover, even if the Court's October 11, 2018, decision was (or included) a judgment, Plaintiff's December 6, 2018, motion would be time barred. *See* Fed. R. Civ. P. 59(e) (allowing a motion within "28 days").[2] Huang concedes in reply that Rule 59 is the wrong vehicle. *See* DE 40 at 3. Because Huang cited no authority justifying the relief sought, the Court denies the motion.[3]

The merits, too, warrant denial. "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). Though Huang does not

---

[1] Huang also cites Rule 7(b), DE 37 at 1, which simply governs the mechanics and form for motion filing. *See* Fed. R. Civ. P. 7(b).

[2] The December 4, 2018, postmark date does not alter this conclusion.

[3] The Court does not consider Huang's fall-back argument, raised for the first time in reply, that district "courts have inherent power to reconsider interlocutory orders[.]" DE 40 at 4; *see Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 275 (6th Cir. 2010) ("Arguments raised only in reply, and not in the original pleadings, are not properly raised before the district court[.]").

explicitly peg his argument to any of these particular avenues, he appears to argue clear legal error. *See* DE 37 at 2 ("[T]he Court has misapprehended certain principles of law applicable to this case.").

The overarching theme of the reconsideration request is Huang's apparent belief that district courts must granularly support each aspect of their decisions with citations to directly controlling caselaw. Specifically, Plaintiff claims the Court: (1) did not cite to binding precedent for "[e]ach of the points in contention" in dismissing the Presbyterian Church claims, DE 37 at 5; (2) cited non-binding precedent or dicta to support limitations-based dismissals, *id.* at 6; (3) improperly relied on federal district court and Kentucky Supreme Court decisions in determining the applicable statutes of limitations, *id.* at 6–7;[4] (4) misread the Supreme Court's decision in *Ziglar v. Abbasi* and mischaracterized the *Bivens* holding as limited to Fourth Amendment claims and federal officials, *id.* at 7–9; (5) cited only "seven unreported cases" in its "extensive discussion" of continuing violations, *id.* at 9; (6) relied on non-binding precedent for its conclusions regarding equitable tolling and "color of state law" under § 1983, *id.*; and (7) cited a Sixth Circuit affirmance based, in part, on a non-binding Aristotelian logical principle in rejecting Plaintiff's RICO claims, *id.* at 10. From these sub-claims, Huang arrives at the

---

[4] The Court notes that, in case context, Huang's contention that holdings "of the Kentucky Supreme Court . . . lack[ ] precedential authority in this federal court" (*id.* at 7) is flatly wrong. *See United Mine Workers of Am. v. Gibbs*, 86 S. Ct. 1130, 1139 (1966) (federal courts are "bound to apply state law to" pendent state claims); *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005) ("In applying state law, we anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court."). Plaintiff, relatedly, appears to rely (though, incorrectly) on an analogous choice-of-law concept in his confusing Reply claim that "[i]n so far as the instant action is premised on this Court's diversity jurisdiction, [Kentucky Appellate Rule 76.12(4)(c)(v)] is applicable to the case at bar[.]" DE 40 at 5. *But see Hanna v. Plumer*, 85 S. Ct. 1136, 1141 (1965) ("[F]ederal courts sitting in diversity . . . are to apply state substantive law and federal **procedural** law[.]" (emphasis added)).

3

conclusion that he has "clearly and irrefutably shown" that "the Court [ ] failed to adequately support its decision with the citation of authority." *Id.* at 10.

Plaintiff's tack here is unique and, frankly, absurd. Most of Huang's argument is directed to proving that the Court cited cases that it was not institutionally **bound** to follow. At the same time, Plaintiff acknowledges the obvious counterpoint that non-controlling precedent's "reasoning may be 'instructive' or helpful." DE 37 at 3 (quoting *Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011)). Huang, with minimal exceptions, does not cite to contrary precedent of any kind—much less binding authority. Thus, Huang mostly fails to dispute the legal rationale undergirding the Court's rulings. Most importantly, Huang wholly fails to explain why citation to non-binding precedent amounts to "a clear error of law[.]" *Leisure Caviar, LLC*, 616 F.3d at 615. Accordingly (and given the failure, in the first instance, to cite supporting authority for the motion), the Court rejects most of Huang's contentions summarily. *See, e.g.*, *Simmons v. Kapture*, 516 F.3d 450, 456 (6th Cir. 2008) (relying, in part, on prior ruling, though "non-binding for present purposes" as "reinforc[ing] the logic of" holding); *United States v. Green*, 554 F. App'x 491, 496 n.1 (6th Cir. 2014) ("Green also takes issue with the lower court's reliance on *United States v. Micou,* 48 F.3d 1220 (6th Cir. 1995) . . . because it is an unpublished case and thus is non-binding. This does not take away from its factual similarity or its persuasive authority on the vitality of probable cause despite changes in circumstance.").[5]

---

[5] The Court must note that Plaintiff steps very close to the line between zealous advocacy and contumacious conduct with his characterization of DE 28 at 6 n.7. Huang contends that the quoted language "was taken, not from a judicial holding, but from [a] journal article" and impertinently remarks that the Court "conveniently fail[ed] to note" this fact. DE 40 at 7. Plaintiff goes on to criticize the Court for "[e]levating the observations of a

Only Plaintiff's *Bivens* contentions warrant additional discussion. Plaintiff, responding to the University Defendants' motion to dismiss, stated:

> Defendants also suggest that there is no private cause of action for violations of the Fourteenth Amendment, except through 42 U.S.C. § 1983, the Civil Rights Act. Plaintiffs [sic] are mistaken. Such a private cause of action was recognized by the Supreme Court in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 390-95 (1971) (the Constitution provides "an independent claim both necessary and sufficient to make out the plaintiffs cause of action").

DE 12 at 17. Addressing Huang's only contention, that the *Bivens* Court recognized a private Fourteenth Amendment cause of action, the Court directly quoted the *Ziglar* Court's description of the *Bivens* holding. *See* DE 28 at 11 n.12.

Huang, now, suggests that the Court "misread the holding of *Ziglar*" and, for the first time, cites to later cases **applying** *Bivens* in other contexts. *See* DE 37 at 7. There are several problems with Plaintiff's theory. First, the Court never purported to apply *Ziglar*'s holding. Rather, the Court quoted *Ziglar*'s description of a prior holding because it directly refuted Huang's sole *Bivens*-based contention. Second, Huang's attempt to raise a new *Bivens*-based argument at this stage does not suggest that the Court's rejection of his original *Bivens* argument was error. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("[A]rguments which

---

law journal to the status of a federal appellate court holding[.]" *Id.* The Court did no such thing. The quoted language comes directly from the Sixth Circuit's published opinion in *Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 630 (6th Cir. 2009). As the nested quotation marks make clear, the Sixth Circuit was quoting another source and, indeed, in this case "[e]levating the observations of a law journal to the status of a federal appellate court holding[.]" DE 40 at 7. Plaintiff is free to "question[]" this practice before the Court of Appeals, but he is not free to misrepresent this Court's rulings. SCR 3.130(3.3) ("A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal[.]"); *see also Thompson v. Paasche*, 950 F.2d 306, 315 (6th Cir. 1991) ("Lawyers also have, however, a duty of candor to the court. The job of a lawyer is to present the law in the light most favorable to the client, but not to misrepresent the law when it clearly goes against the client.").

could, and should, have been made" on initial consideration are barred for reconsideration purposes.). While subsequent decisions have indeed expanded the *Bivens* **remedy** to certain Fifth and Eighth Amendment claims, *Bivens*, itself, recognized no such cause of action. Huang originally argued the latter and now pursues the former. Third, the Court already anticipated the possibility that Huang, though failing to truly make the claim, may have intended to argue the type of theory he now presents. The Court, anticipatorily rejected the claim.[6]

Huang does not confront the crux of the Court's rejection of the *Bivens* expansion he now proposes—*i.e.*, that neither *Bivens* or its progeny authorizes a private Fourteenth-Amendment cause of action and that further expansion is disfavored.[7] He cites to no Fourteenth Amendment applications of the *Bivens* remedy. Also notable, given Plaintiff's tirade against non-binding precedent, is Huang's citation to an obviously distinguishable, non-binding District of Rhode Island decision for his contention that *Bivens* supports a

---

[6] To the extent Plaintiff suggests that the Court may apply *Bivens* expansively, to include the alleged Fourteenth Amendment violation, he is mistaken. *See* [*Ziglar*, 137 S. Ct. at 1857] ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity. *Iqbal*, 556 U.S., at 675, 129 S. Ct. 1937. This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" (quoting *Correctional Services Corp. v. Malesko*, 122 S. Ct. 515, 520 (2001)).
DE 28 at 11 n.12.

[7] The Fourteenth Amendment (which addresses state actors) is a round hole for the *Bivens* (which addresses federal actors) square peg. *See Malesko*, 122 S. Ct. at 521 (2001) ("The purpose of *Bivens* is to deter individual **federal officers** from committing constitutional violations." (emphasis added)); *Life Savers Concepts Ass'n of California v. Wynar*, No. 18-CV-02252-LHK, 2019 WL 2144630, at *4 (N.D. Cal. May 16, 2019) (noting that "the Fourteenth Amendment applies only to state actors"). Further, as the Supreme Court clearly held in *Malesko*, *Bivens* does not extend to claims against a private entity. *See Malesko*, 122 S. Ct. at 519 (declining to extend the "limited [*Bivens*] holding to confer a right of action for damages against private entities acting under color of federal law").

cause of action against private entities. DE 37 at 8. Finally, Defendant's reliance on the Supreme Court's interpretation of Title IX in *Grove City Coll. v. Bell*, 104 S. Ct. 1211 (1984) hardly shows that the Court clearly erred by failing to authorize disfavored *Bivens*-expansion for an entirely novel Constitutional basis and defendant class.

For all of these reasons, the Court **DENIES** DE 37.

This the 4th day of June, 2019.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge