UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JEFF HUANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 7:18-CV-11-REW |
| v. ) | |
| ) | OPINION & ORDER |
| UNIVERSITY OF PIKEVILLE, et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On October 11, 2018, the Court dismissed all of Plaintiff Jeff Huang's claims against the Presbyterian Church. DE 28 (Opinion & Order). The Court also dismissed eleven of Huang's thirteen claims against his former school, the University of Pikeville, and various past and present University personnel. *Id.* Only Plaintiff's breach of contract (Count XI) and punitive damages claims persist (Count XII). Defendants answered, DE 31, and now seek partial judgment on the pleadings. *See* DE 55 (Rule 12(c) Motion). The motion is fully briefed and ripe for review. *See* DE 56 (Response); DE 57 (Reply).

The Individual Defendants[1] seek dispositive relief on Huang's breach of contract claims. All Defendants[2] seek judgment as a matter of law on Plaintiff's punitive damages count. "The manner of review under [Fed. R. Civ. P.] 12(c) is the same as a review under Rule 12(b)(6)[.]" *Jelovsek v. Bredesen,* 545 F.3d 431, 434 (6th Cir. 2008). Accordingly, to survive a Rule 12(c) motion, Huang needed to allege "sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Garcia v. Fed.*

---

[1] Specifically, Linda Dunatov, Gerald Laurich, Boyd R. Buser, James Hurley, Burton Webb, and Paul R. Patton. DE 6 at 1.
[2] In addition to the Individual Defendants, the University of Pikeville.

1

*Nat. Mortgage Ass'n*, 782 F.3d 736, 739 (6th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).[3] The Court, noting the identical Rule 12(c) standard with regard to assessment of Plaintiff's factual allegations and seeing no material impact from Defendants' responsive pleading, incorporates the recitation of case facts from the Rule 12(b)(6) decision, by reference, in full. *See* DE 28 at 2–5. For the following reasons, and under the applicable standards, the Court finds that the pleadings, as to the challenged aspects, fail to frame plausible claims for relief and grants Defendants' motion.

### *Breach of Contract* – Count XI

Movants contend that Huang pleaded a contract only between himself and the University. DE 55 at 2. Accordingly, the Individual Defendants claim they are entitled to Rule 12(c) relief on Huang's breach of contract[4] claims. The Court agrees.

Plaintiff alleges no contract between himself and any Individual Defendant. *See* DE 6 (Amended Complaint) at ¶¶ 23 ("contract between the institution and the student"), 26 ("contract between the Plaintiff and the Defendant University"), 90 (same). Huang's response does not really dispute this point. *See generally* DE 56. Instead, Plaintiff alleges that the Individual Defendants could be held liable for tortious conduct. *See id.* at 8–10.

---

[3] The Court sees no need to, again, correct Plaintiff's citation to the dated, superseded "no set of facts" standard. *See* DE 56 at 2. The response, in the subsequent paragraph, cites the proper standard. *See id.*

[4] "To prove a breach of contract, the complainant must establish three things: 1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract." *Metro Louisville / Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009).

However, the Court has already dismissed[5] all of Plaintiff's tort claims. *See* DE 28; DE 59 (Op. & Order – denying motion to alter or amend).[6] Plaintiff identifies no allegedly breached provision of any contract between himself and any of the Individual Defendants. Thus, the Court sees no viable contract claim (at least against the moving Defendants). Accordingly, the Court will dismiss the Count XI claims against all Defendants other than the University.

*Punitive Damages* – Count XIII

Next, all Defendants pursue judgment as a matter of law on Plaintiff's punitive damages claim. As grounds, the defense contends that state law forbids punitive damage recoveries on Huang's sole remaining substantive claim: contract breach. *See* DE 55 at 4–5 ("In no case shall punitive damages be awarded for breach of contract." (quoting KRS 411.184(4)). The Court, again, agrees. Plaintiff's citation to authority allowing recovery of punitive damages for *tortious* conduct accompanying a contract breach are, in current case context, irrelevant. *See* DE 56 at 5–8. To reiterate, Huang stated no plausible tort theory and, thus, has no live tort claims.

---

[5] The fact that the Court's dismissal was without prejudice is, in the circumstances, irrelevant to Defendants' motion. Plaintiff, in nearly a year since the dismissal, has not pursued leave to amend or reassert the rejected claims. Nor does the interlocutory status of the dismissal order render the claims somehow still before the Court for purposes of the Rule 12(c) analysis. The claims currently stand dismissed, full stop.

[6] In fairness, Plaintiff crafted this argument prior to the Court's denial of Huang's motion to alter or amend. That said, it was Plaintiff's choice to rely exclusively on the possibility of the Court overturning its prior ruling in responding to Defendants' Rule 12(c) motion. The Court's rejection of Plaintiff's reconsideration request confirms dismissal of Plaintiff's tort theories as the law of this case and ultimately dooms Huang's sole counterthrust. *See Christianson v. Colt Indus. Operating Corp.*, 108 S. Ct. 2166, 2177 (1988) ("'As most commonly defined, the doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' . . . This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" (citations omitted)).

Per Plaintiff's own citation, "instructions on punitive damages in breach of contract cases must include language to the effect that in order to make such an award the jury must find as a matter of fact that the conduct involved was tortious as adequately defined by the terms traditionally associated with outrage." *See* DE 56 at 8 (quoting *Audiovox Corp. v. Moody*, 737 S.W.2d 468, 471 (Ky. Ct. App. 1987)); *see also Mo–Jack Distrib., LLC v. Tamarak Snacks, LLC*, 476 S.W.3d 900, 911 (Ky. Ct. App. 2015) ("Punitive damages are reserved for only the most egregious acts and recoverable only if it is proven by clear and convincing evidence that an opposing party acted with oppression, fraud, or malice."). Plaintiff's sole (deficiently) pleaded outrage theory, relied "on Defendant Dunatov's alleged release of Plaintiff's academic information to a third-party student in September 2011." DE 28 at 17. Thus, Plaintiff's argument would, at best, allow pursuit of punitive recovery only against a single Defendant. However, the Court has dismissed Huang's IIED claim and, thus, he has no viable outrage (or any other tort) theory to present in support of a punitive damages award, against any Defendant.[7]

Put simply, "the statute (KRS 411.184(4)) and the case law are clear that punitive damages are not recoverable for mere breach of contract, *see Federal Kemper Ins. Co. v. Hornback, Ky.*, 711 S.W.2d 844 (1986), *overruled in part by Curry v. Fireman's Fund Ins. Co., Ky.*, 784 S.W.2d 176 (1989)[.]" *Faulkner Drilling Co. v. Gross*, 943 S.W.2d 634, 638–39 (Ky. Ct. App. 1997). A simple breach of contract claim (against a single Defendant) is all Huang has viably pleaded. Thus, the theoretical availability of punitive

---

[7] Huang's claim regarding unconstitutionality of an unrelated KRS 411.184 provision is likewise unavailing. *Williams v. Wilson* says nothing about the constitutionality of KRS 411.184(4)'s bar on punitive damage awards in contract cases. 972 S.W.2d 260, 269 (Ky. 1998). Plaintiff offers no further argument or explanation, and the Court rejects the desultory contention.

damages "if the breach included **separately** tortious conduct" does not, here, aid Plaintiff's efforts to fend off Defendants' motion.[8] Again, the Court has already determined that Plaintiff alleges no actionable tortious conduct. Accordingly, Defendants are entitled to judgment on the pleadings for Count XIII.

*Amendment Request*

As to Huang's amendment request, the Court, in granting Defendants' Rule 12(b)(6) motion and addressing a like request, previously explained:

> Plaintiff, in his Response, requests leave to file an amended complaint if the Court grants Defendants' motions. The Court, for now, rejects the request. Because no motion pends, Defendants have not had a formal opportunity to respond to the request. Further, Plaintiff does not identify the nature of any proposed amendments. Thus, the Court is unable to analyze the motion under the applicable standards. *See, e.g.,* Fed. R. Civ. P. 15(a)(2) (providing that a party may amend its pleadings with the court's leave, which "[t]he court should freely give . . . when justice so requires."); *Foman v. Davis*, 83 S. Ct. 227, 230 (1962) (Courts may deny amendment for a variety of reasons—"such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."). The record, at this point, does not allow the Court to reach a reasoned decision on Plaintiff's nonspecific amendment request—which is not, in its current form, a motion properly before the Court. The Court notes, however, the Sixth Circuit's instruction that a timely request to amend, in response to potential dismissal, is a factor relevant to denying or freely granting amendment. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551–52 (6th Cir. 2008). Further, Plaintiff already amended once. Thus, although the Court denies the request for now, Plaintiff has leave to file a properly supported amendment motion, compliant with any scheduling order.

DE 28 at 27–28. Despite such leave, Plaintiff never formally pursued amendment and his current request features the same deficiencies (enhanced by the initial warning) that led to

---

[8] The Court rejects out of hand Plaintiff's claim that "whether under the facts of the case the wrongful acts constitute a tort is a jury question, and therefore cannot be decided upon a pretrial motion." DE 56 at 7; *see* Fed. R. Civ. P. 12(b)(6), 12(c) & 56.

the Court's prior denial. Further, the DE 56 amendment request came after the applicable March 1, 2019, deadline. *See* DE 34 (Scheduling Order) at ¶ 5. Plaintiff makes no attempt to show good cause for his failure to timely pursue amendment.

For these reasons, and under the applicable standards, the Court **GRANTS** DE 55. Only Plaintiff's contract claim against the University persists.

This the 4th day of October, 2019.

Signed By:
*Robert E. Wier*  /s/ REW
United States District Judge